OPINION OF THE COURT
Stanley Gartenstein, J.
The within prosecution calls attention to the fact that a recurring problem which the Legislature refuses to address in *640 a meaningful manner will not disappear simply because the adjective provisions surrounding it are amended.
Defendant stands charged by his mother, the complainant herein, with the crimes of assault in the third degree (Penal Law, § 120.00) and possession of a dangerous weapon (Penal Law, § 265.01). It is alleged that on or about June 3, 1978, at the home of the parties, defendant menaced his mother with what appeared to be a pistol and struck her with his fists thereby causing physical injury. At the arraignment, defendant was paroled on consent to reside with his mother while efforts were going forward to obtain help for him. The mother’s sole objective in bringing this proceeding is to help her son. She wishes neither conviction nor punishment.
Prior to the amendment of section 812 of the Family Court Act, effective September 1, 1977, we had occasion to consider the problem of the so-called "overage PINS”, viz., an incorrigible child needing help over whom the Family Court has lost jurisdiction because he is past the statutory age of 16 (Matter of Neil M. v Gregory M., 71 Misc 2d 396). We pointed out therein that the only vehicle whereby jurisdiction might be retained in that court was article 8 of the Family Court Act (family offense proceedings) a remedy which in effect granted nothing at all by virtue of the prohibition therein (Family Ct Act, § 842) against court-ordered placement.
The Legislature has responded to the call therein for the facilities it has failed to supply not by providing them but by amending section 812 of the Family Court Act to read:
"1. The family court and the criminal courts shall have concurrent jurisdiction, over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempted assault between spouses or between parent and child or between members of the same family or household, except that if such an act involves a child who is below the age of eighteen, the family court shall have exclusive original jurisdiction. For purposes of this article, 'disorderly conduct’ includes disorderly conduct not in a public place. For purposes of this article, 'members of the same family or household’ shall mean the following:
"[a] persons related by consanguinity or affinity to the second degree; and
"[b] persons legally married to one another.”
*641 The net effect of the new statutory scheme is to abolish the requirement that the Criminal Court refer all proceedings brought therein by members of the same household to the Family Court for its decision either to retain jurisdiction if help to keep the family unit intact was sought; or, if not "appropriate” (prior statutory language) to refer the matter back to the Criminal Court. Under the new statute, depending on whether punishment or help is desired, the decision belongs entirely to the complainant. The election of remedies provided therein is binding.
Complainant, by her own and the District Attorney’s statement on record, has clearly chosen the wrong forum. The question is, has she elected remedies with binding effect? We believe not.
The history of the amended section 812 of the Family Court Act has its roots in widespread dissatisfaction with the misuse of prior "transfer” provisions taken together with the benign attitude of various police departments in refusing to make arrests in the face of actual ongoing assaults by abusing spouses. This concurrence, it was claimed, had the net effect of giving an abusing spouse a practical license to continue assaults, a contention since met by the amended section 812 and a consent judgment by the New York City Police Department to forthwith cease and desist from its failure to effectuate arrests under these circumstances. These reforms in question, however, were never intended to dilute the Criminal Court’s obligation to recognize the exclusive jurisdiction of the Family Court over child protective proceedings (viz., neglect and abuse cases under Family Ct Act, art 10) via referral thereto as envisioned by subdivision (b) of section 1014 of the Family Court Act, an obligation which though running parallel to and utilizing similar procedures as family offense proceedings, rested on an independent statutory footing. In recognizing this exclusive jurisdiction of the Family Court, the Legislature retained the transfer scheme by its use of the exclusionary language in subdivision 1 of section 812: "except that if such act involves a child who is below the age of eighteen, the family court shall have exclusive original jurisdiction.”
A reading of the exclusionary language quoted will yield the fact that though its apparent intent was to exclude child neglect and abuse proceedings (viz., where the target of the assault is under 18) defined by article 10 of the Family Court Act in terms of an 18-year-old line of demarcation, the new *642 statutory language is broad enough — apparently by legislative oversight — to include a situation such as the one at bar where a defendant accused by a member of his own household is under 18. Where the statutory language defining a crime or acts which will be treated as crimes in selected instances is at variance with the apparent legislative intent, we hold it our obligation to effectuate its specific terms notwithstanding that the situation before us was apparently not contemplated in amending the statute. We so construe with the specific purpose of avoiding criminal liability where no useful end to the parties or society will be accomplished by imposing it. We do so mindful of the deficiencies of the Family Court under these circumstances which are exactly similar to those in Matter of Neil M. v Gregory M. (71 Misc 2d 396, supra). As deficient as the services available in that court may be, transfer thereto is certainly preferable to a criminal conviction which neither the parties nor the People feel appropriate here.
The motion of the People to dismiss without prejudice to any remedy available in the Family Court is granted.