OPINION OF THE COURT
Karen K. Peters, J.
By papers received in this court on April 3, 1992, counsel for petitioner made an application to restore a proceeding entitled In the Matter of Steven S. and Susan S. docketed as S-150-91P and S-151-91P, in which an order was entered on *568 March 20, 1992 adjourning such proceeding in contemplation of dismissal until August 25, 1992 upon various terms and conditions. Based upon same alleged incidents, counsel commenced petitions alleging a family offense against the same respondents — Susan and Steven S. — and simultaneously requested a temporary order of protection against both such respondents.
Initially, this court requested authority from counsel for petitioner supporting the commencement of a proceeding under article 8 of the Family Court Act when the respondents were under 16 years of age. Counsel for petitioner therefore submitted, by way of memorandum received in this court on April 15, 1992, appropriate statutory authority evidencing that an action may be commenced under article 8 of the Family Court Act by a parent against a child under the age of 16 who commits any of the offenses specified under section 812 (1) of the Family Court Act. Since the acts forming the basis for the commencement of the article 8 petitions fall squarely within those enumerated under section 812 (1), this court finds that it has jurisdiction over these respondents and that petitioner is entitled to commence proceedings against such respondents by way of article 8. (See, People v Daniel T., 95 Misc 2d 639.)
Such entitlement does not, however, mandate that the court be forced to adjudicate this proceeding by way of article 8 when another more appropriate approach is available. As stated by the Honorable Richard D. Huttner in Matter of Patrick B. P. (103 Misc 2d 1102, 1105), addressing the propriety of substituting a person in need of supervision (PINS) petition for one commenced as a juvenile delinquency petition, "[flexibility of approach to each problem is the sine qua non of the Family Court process. Resolutions to the complex problems that everyday face this court cannot be realized if the court is slavishly bound to statutes, rules and regulations that are immutable and cast in stone.” The intent of the powers conferred upon a Judge of the Family Court, through the enactment of the Family Court Act, support such flexibility. Section 141 therein pronounces as follows: "This act defines the conditions on which the family court may intervene in the life of a child, parent and spouse. Once those conditions are satisfied, the court is given a wide range of powers for dealing with the complexities of family life so that its action may fit the particular needs of those before it. The judges of the court are thus given a wide discretion and grave *569 responsibilities.” The court there went on to review the dispositional alternatives available between the action as commenced under a juvenile delinquency proceeding and those available should the action be converted into a PINS.
In the instant case, this court has had much prior involvement with this family and the respondents. By order dated March 19, 1992, the respondents Steven and Susan S. were adjudged to be people in need of supervision. As previously discussed, such proceeding was adjourned in contemplation of dismissal if various terms and conditions were met. The acts alleged herein as the basis for a proceeding commenced under article 8 form the basis for the restoration of the PINS proceeding to the calendar. The dispositional alternatives available under an article 7 PINS proceeding include the possibility of placement with a public or private agency whereas the dispositional alternatives under article 8 do not. (Cf., Family Ct Act §§ 775, 779, with § 842.) With respect to placement, the dispositional alternatives available under an article 8 proceeding allow the court to award custody of these children during an order of protection to the other parent or to an appropriate relative within the second degree. (See, Family Ct Act § 842.) In this instance, however, the other parent is also a named respondent in another proceeding initiated by the petitioner herein under article 8 alleging acts which might be deemed after trial to foster the family disharmony alleged in the petitions against Steven and Susan S. Moreover, the petition instituted against the other parent of these children alleges that the father instructed these children to engage in some of the acts which formed the basis of all underlying petitions instituted against these children. Therefore, should the acts as alleged against these children and the father be proven after trial, placement of these children with the other parent would not be an appropriate alternative.
Addressing still the dispositional alternatives of an article 8 proceeding, should an order of protection issue under article 8 against the respondents herein and should these respondents further violate such order as has been alleged in the restoration of the PINS proceeding, the remedy of commitment of these respondents to jail for a term not to exceed six months as authorized by statute would not be a viable alternative for a child under 16 years of age.
Instead, the court would be forced to convert the violation of the court order under article 8 into a proceeding pursuant to *570 article 3 of the Family Court Act since a violation of the court order would be considered a "crime” under Penal Law § 215.50 (3), criminal contempt in the second degree, a class A misdemeanor and the respondents, being under 16 years of age, would not be criminally responsible for their conduct (see, Penal Law § 30.00 [1]). Accordingly, if the matter proceeded under article 8, redress in the form of placement could only be had after a conversion to an article 3 proceeding.
Moreover, such process under article 8, should a contempt follow after disposition, would not be an efficient use of judicial resources. In the instant case, all of these alleged incidents could be appropriately addressed through the restoration of the PINS proceeding. The alternative as described above — article 8 hearing, disposition, possible violation, institution of an article 3, disposition, possible placement — is far from an appropriate course when the respondents are already subject to the jurisdiction of the court pursuant to a previously adjudicated PINS.
Accordingly, this court shall exercise its broad and flexible power of discretion and notwithstanding jurisdiction over these respondents pursuant to article 8, the matter shall proceed only by way of the restoration of the PINS proceeding.